QUESTION: Is there a provision in the Florida Statutes to exempt from taxation a swimming pool installed for therapeutic purposes as part of the improvements to an individual's home?
SUMMARY: If a taxpayer is a quadriplegic or a veteran confined to a wheelchair or totally and permanently disabled due to a service-connected injury, his homestead is tax exempt, including a swimming pool which constitutes and is used only as an integral part thereof. Alternatively, the value of such an improvement used only for homestead purposes may constitute a part of the limited homestead value exempt under general homestead provisions. Several provisions of the Florida Statutes may be applied under certain circumstances to exempt a swimming pool from property taxes when it is a part of homestead real property improvements. Sections196.081, 196.091, 196.101, and 196.031, F.S. Section 196.081(1), F.S., provides: Any real estate used and owned as a homestead by an ex-serviceman, honorably discharged with service connected total and permanent disability [due to total blindness, amputation, paraplegia or hemiplegia] . . . shall be exempt from taxation. Section 196.091(1), F.S., provides: Any real estate used and owned as a homestead by an ex-serviceman, honorably discharged with service connected total disability and who has . . . received special pecuniary assistance due to disability requiring specially adapted housing and required to use a wheelchair for his transportation, shall be exempt from taxation. Section 196.101(1), F.S., provides: Any real estate used and owned as a homestead by any quadriplegic shall be exempt from taxation. These provisions grant total exemption of property owned and used as a homestead by any quadriplegic or by those persons within the specified classes of service-connected disabilities. A swimming pool owned and used as a part of such property would accordingly be exempt regardless of the total value. Attorney General Opinions 058-132, 069-132, and 071-115. Attorney General Opinion 069-132 construed these statutes, which were enacted prior to the adoption of the 1968 Constitution, as presumptively valid under Art. VII, s. 3(b), permitting exemption of property of totally and permanently disabled persons in whatever amount is fixed by general law, in contrast to the specific authority under Art. VII, s. 6(c), for homestead exemption for the entire class of totally and permanently disabled "not exceeding" ten thousand dollars. Under the general homestead exemption statute, s.196.031, F.S., or its earlier equivalent, a predecessor in this office has noted that a swimming pool, if not used for profit and if on real estate owned and used as a homestead, was part of that homestead and its value would therefore constitute a part of the total homestead value for tax and exemption purposes. Attorney General Opinion 058-132. The limited five thousand-dollar homestead exemption under this section has most recently been amended to accord the maximum of ten thousand dollars exempt homestead value to totally and permanently disabled persons, effective in 1975, as well as the aged formerly covered by s.196.031(3), F.S. 1973. See s. 196.031(3) as amended by Ch. 74-264, Laws of Florida, to read: (3)(a) For every person who is entitled to the exemption provided in subsection (1), who has been a permanent resident of this state for the 5 consecutive years prior to claiming an exemption under this subsection and who is 65 years of age or older, the exemption is increased to $10,000 of assessed valuation for taxes levied by governing bodies of school districts, counties, municipalities, and special districts. Submission of an affidavit that the applicant claiming the additional exemption under this subsection has been a permanent resident of this state for the 5 years immediately preceding the date of application shall be prima facie proof of such residence. (b) For every person who is entitled to the exemption provided in subsection (1) who has been a resident of this state for the 5 consecutive years prior to claiming the exemption under this subsection and who qualifies for the exemption granted pursuant to s. 196.202 as a totally and permanently disabled person, the exemption shall be increased by $4,500 of assessed valuation so that the sum of the combined exemptions is $10,000 of assessed valuation for taxes levied by the governing bodies of school districts, counties, municipalities and special districts. (c) No homestead shall be exempted under both paragraphs (a) and (b). In no event shall the combined exemptions of s. 196.202 and this section exceed $10,000. Section 5 of Ch. 74-264, supra, further provides: This act shall take effect upon becoming a law, except that the additional exemption granted for persons over sixty-five (65) shall apply beginning with the 1974 assessment roll, and the additional exemption granted disabled persons shall apply beginning with the 1975 assessment roll.